### THE ST. CLAIR BUILDING ASSOCIATION V. HAYES ET AL.

1. SUFFICIENCY OF AFFIDAVIT TO CREATE A MECHANIC'S LIEN.

The affidavit filed to create a mechanic's lien under sec. 3185, Rev. Stat., need not be made by the owner of the claim. It is sufficient if done by any authorized agent of such owner, who knows the facts.

2. TIME TO FILE SUCH LIEN.

Where a contract is made by a person and the owner of real estate, by which the former is to furnish certain grates and mantels and place them in position in a house on said premises, the owner to pay the freight thereon, and they are shipped the same day— but several days after this a new contract is made, by which the dealer is released from the obligation of setting such grates and mantels—a lien filed by the seller four months and one day from that on which the goods were shipped, but less than four months from the date of the new contract, was filed in time.

3. LIEN FOR MATERIAL SOLD TO A MAN AND WIFE NOTHING BEING SAID AS TO THE OWNERSHIP OF THE PROPERTY.

Where a husband and wife (the latter of whom was the owner of the real estate), go together and purchase materials to be used as stated by them in the construction oi a house on said premises; the husband being the principal spokesman, and nothing being said as to which of them owned the property, or to indicate that the sale is made on the personal credit of the husband, a lien for the price of such articles may properly be taken on such real estate, and will be enforced.

APPEAL from the Court of Common Pleas of Hamilton county.

SMITH, C. J.

The only controversy in this court is, whether the mechanic's lien, asserted by Schaeffer & Co., is a valid one—if it be, then it is conceded that it has priority over the mortgage of the building association.

It is objected by the latter (Mrs. Hayes, upon whose real estate the lien is claimed, making no defense), that it is not a valid lien, for the reasons:

First, that the real estate was owned by Mrs. Hayes, and that the articles furnished by Schaeffer & Co. for the repair or construction of the residence thereon, were not furnished under a contract made by them with her, but were sold to her husband and on his credit.

Second, that the lien was not filed in time, and third, that the paper so filed as a lien, is defective and not sufficient under the statute. As to this last point I may say, that it seems to us in all things substantially to follow the law. It is objected that the affidavit thereto is made by the bookkeeper of Schaeffer & Co., and not by a member of the firm. The statute, in our judgment, does not require this affidavit to be made by the owner of the claim personally. He may have no knowledge of the transaction. He may be sick or absent during the whole time given to perfect the lien—all that is necessary is, that he file an affidavit (not necessary sworn to by himself) containing the matters required by the statute.

As to the other questions, we find the facts to be as follows: On October 22, 1883, Mr. and Mrs. Hayes, the latter the owner of the premises, came to the store of Schaeffer & Co., in this city, to purchase some grates, mantels, etc., to be placed in her house. . Schaeffer himself was present and waited upon them, and the conversation was mainly between him and Mr. Hayes in the presence of the wife, and it was made known that the articles were to go into their residence at Cleves; but nothing was said as to who owned the property. A lot of mantels, grates and hearths were selected, and the prices fixed at which Schaeffer & Co. would sell them and set them up in the house. Mr. Hayes was to pay the freight on the articles from Cincinnati, and the fare of the person who was to go down to set them, and to furnish him his meals. He was also to furnish the common brick and mortar for the setting of the grates. The parties did not then come to a final agreement, and Mr. and Mrs Hayes left to look elsewhere. On the same day they returned; but Mr. Schaeffer did not again wait upon them, but the bookkeeper did, and made an entry upon the books of the firm, showing a sale of the precise articles, and on precisely the same terms as had been made by Schaeffer, and the articles are debited to T. M. Hayes, the husband; but afterwards, and at the time when is not shown, the words "for Mrs. Elnora J. Hayes" are added.

On the same day the articles thus sold were sent to the freight office of the railroad company, directed to Mr. Hayes, and afterwards, but whether on that day or not, is not shown, were carried to Cleves, and taken by Hayes to his house, and afterwards were set up therein.

We think that the book account thus introduced in evidence, in connection with the testimony of Schaeffer, sufficiently shows that the goods were delivered under the prices and on the terms proposed by Schaeffer; that is, that they were to be set up in the house by the seller.

Within two or three days after this, Hayes again came to see Schaeffer, and ascertaining from him that he could not immediately send a man to set the grates and mantels, a new agreement was made, viz.: that Schaeffer & Co. were to deduct the sum of $8.00 from the price agreed upon, and Hayes was to attend to the setting himself. The debt not being paid, the lien was filed four months and one day after October 22, 1883, the day the articles were shipped, but in less than four months after this last contract.

On this state of fact we are of the opinion, first, that the delivery to the railroad company of the articles to be shipped to Cleves, though directed to Hayes, did not operate to pass the title from Schaeffer. It is not the case where a person orders a lot of goods and directs them to be delivered to a carrier for shipment, in which case the delivery to the shipper is a delivery to the purchaser, and ordinarily title passes to him. Here the articles were to be placed in the house by the seller, and until that was done he retained the title, and had no right of action for the contract price, without a new agreement. It may be a matter of doubt whether the seller would, after putting them up in the house, on taking the steps pointed out by the statute, have a lien dating from the delivery to the carrier, or only from the time they reached the premises, or were placed in the house—but we think it clear that he would have had four months from the completion of the work in which to file his lien. But as he

was released from the obligation of putting in the articles, we are of the opinion that the title passed from Schaeffer at the date of this new contract, and that is to be considered the date at which for the purpose of lien, the articles are to be considered as having been furnished.

Is the real estate of the wife liable, or was it Hayes alone? We think that under the circumstances of the case it may fairly be held, that the purchase was on account of Mrs. Hayes, and that her husband was acting as her agent with her knowledge and consent. She was there during the negotiations, and heard all that was said. Not a word was said by either of the three, indicating that the sale was to Hayes on his individual credit. On the contrary, it was stated that the articles were to go into their house in Cleves, but nothing was said as to who was owner of it, or as to a lien upon it, and the goods of Schaeffer & Co. having gone into the house, and presumably added so much to its value, it would seem that justice and equity would require that it be charged against the real estate, if it can be done without violating the law. But we think that under the facts and circumstances as we have found them, Schaeffer & Co. are clearly entitled to look to the real estate for the payment of their claim.

The question of the liability of the real estate of a married woman for articles which are furnished for the construction or repair of a building thereon, when purchased by the husband, as the agent of the wife, or in her presence and with her knowledge, and with the understanding that they are to go up on the property owned by her, is fully discussed in Phillips on Mechanic's Lien, secs. 103-104, and is to the effect we have stated. And in sec. 124 of the same authority it is held, that to render it the debt of the husband, under such circumstances, and to relieve the property from liability, it must affirmatively appear that the intention was to sell upon the personal credit of the husband, and this fact was not shown here. We find then that the lien of Schaeffer & Co. was a valid one, and took precedence of the mortgage of the building association, which was execute dafter the articles were furnished under this contract.

H. W. Rulison, for the Building Association.

Walter L. Granger, for Schaeffer & Co.